DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DIRECTV, INC.,**

                **Plaintiff,**

                                    **CIVIL ACTION**

v.

                                    **No.   03-2278-GTV-DJW**

**BRIAN HOSEY, et al.,**

                **Defendants.**

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Have Requests for Admission Deemed Admitted (doc. 134). For the reasons set forth below, the Court will grant the Motion.

**I.     Background Facts**

Plaintiff represents in its motion that on May 9, 2005 it served Defendant Brian Hosey with Plaintiff's Second Requests for Admission. Plaintiff also represents that on May 25, 2005 it served its Third Requests for Admission on Defendant. Plaintiff indicates that Defendant has failed to respond to either set of requests.

Plaintiff filed the instant motion on June 28, 2005, seeking an order deeming the requests contained in the Second and Third Requests for Admission to be admitted. Defendant has not timely responded to the motion.

As Defendant has filed no opposition to Plaintiff's motion, the Court will deem it uncontested that Defendant failed to respond to Plaintiff's Second and Third Requests for Admission within the thirty-day period set forth in Federal Rule of Civil Procedure 36(a).[1]

This is not the first time that Defendant has failed to timely respond to discovery requests in this case. The Court found in its April 19, 2004 Order that Defendant failed to timely respond to Plaintiff's First Request for Admissions, and the Court deemed admitted all matters set forth in that First Request.[2] The Court also found in its May 26, 2004 Order that Defendant failed to timely respond to Plaintiff's First Interrogatories and First Requests for Production of Documents.[3] In addition, Defendant failed to appear for his deposition on March 8, 2004.

## II.     Analysis

Pursuant to Federal Rule of Civil Procedure 36(a), the matter addressed in a request for admission "is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter."[4]

---

[1] Fed. R.Civ. P. 36(a) provides that written answers or objections to the requests for admission are to made within thirty days after service of the requests, unless the Court allows, or the parties agree in writing, to a different period of time.

[2] *See* April 19, 2004 Order (doc. 56). On December 3, 2004, the District Judge set aside that Order, finding that the unique circumstances surrounding the timing of the requests and the withdrawal of Defendant's attorney resulted in excusable neglect.

[3] *See* May 26, 2004 Order (doc. 71), granting Plaintiff's Motion to Compel as to Plaintiff's First Interrogatories and First Request for Production based on Defendant's failure to respond.

[4] Fed. R. Civ. P. 36(a).

As Defendant has failed to respond to these requests within thirty days of their service, all matters set forth therein must be deemed admitted.

The Court is mindful that Defendant is — at least at the present time and at the time the responses to the requests for admission were due — proceeding *pro se*. This Court typically makes reasonable allowances to protect *pro se* litigants from the inadvertent forfeiture of important rights because of their lack of legal training. Although *pro se* litigants are not exempt from compliance with the applicable procedural rules and substantive law, their ability to represent themselves should not be impaired by the harsh application of technical rules.[5] In this case, however, compliance with the above-cited rules is not a mere technicality. Also, Defendant was clearly put on notice by the Court's prior rulings that the matters addressed in requests for admission are deemed admitted if the requests are not responded to within the thirty-day period. Finally, there appears to be a pattern of failing to timely respond to discovery requests in this case.

In light of the above, the Court will grant Plaintiff's motion. All matters set forth in Plaintiff's Second and Third Requests for Admission to Defendant are hereby deemed admitted. **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Have Requests for Admission Deemed Admitted (doc. 134) is granted, and all matters set forth in Plaintiff's Second and Third Requests for Admission directed to Defendant Brian Hosey are deemed admitted.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 20th day of July 2005.

---

[5] *Targuth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

                                                                s/ David J. Waxse  
                                                                David J. Waxse  
                                                                U.S. Magistrate Judge

cc:      All counsel and *pro se* parties